UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jose Antonio Quinones,
    Claimant

    v.

Nancy A. Berryhill, Acting Commissioner,
Social Security Administration,
    Defendant

Case No. 17-cv-359-SM
Opinion No. 2018 DNH 094

**O R D E R**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), claimant, Jose Quinones, moves to reverse the Acting Commissioner's decision denying his application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423, and Supplemental Security Income Benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383(c). The Acting Commissioner objects and moves for an order affirming her decision.

For the reasons discussed below, claimant's motion is granted, and the Acting Commissioner's motion is denied.

**Factual Background**

I.  Procedural History

In February of 2015, claimant filed applications for Disability Insurance Benefits ("DIB"), and Supplemental Security

Income, alleging that he was disabled and had been unable to work since February 1, 2014.[1]  Those applications were denied on July 9, 2015, and claimant requested a hearing before an Administrative Law Judge ("ALJ").

On April 11, 2016, claimant,[2] his attorney, Adriana Blume, the claimant's case manager, and an impartial vocational expert appeared before an ALJ, who considered claimant's application de novo.  On August 18, 2016, the ALJ issued his written decision, concluding that claimant was not disabled, as that term is defined in the Act, through the date of his decision.  Claimant then requested review by the Appeals Council.  The Appeals Council denied claimant's request for review.  Accordingly, the ALJ's denial of claimant's applications for benefits became the final decision of the Acting Commissioner, subject to judicial review.  Subsequently, claimant filed a timely action in this court, asserting that the ALJ's decision is not supported by substantial evidence.

---

[1]   The claimant filed a prior application on September 17, 2013, which was initially denied on January 22, 2014. On February 10, 2015, claimant withdrew his request for a hearing on that application.

[2]   Quinones had the assistance of a Spanish-English language interpreter, who participated in the hearing telephonically. See Admin. Rec. at 271-272.

Claimant then filed a "Motion to Reverse Decision of the Commissioner" (document no. 8). In response, the Acting Commissioner filed a "Motion for an Order Affirming the Decision of the Commissioner" (document no. 11). Those motions are pending.

II. Stipulated Facts

Pursuant to this court's Local Rule 9.1, the parties have submitted a joint statement of stipulated facts which, because it is part of the court's record (document no. 13), need not be recounted in this opinion. Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I. "Substantial Evidence" and Deferential Review

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3). See also Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Importantly, it is something less than a preponderance of the evidence, so the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966). See also Richardson v. Perales, 402 U.S. 389, 401 (1971).

This court's review of the ALJ's decision is, therefore, both limited and deferential. The court is not empowered to consider claimant's application de novo, nor may it undertake an independent assessment of whether she is disabled under the Act. Rather, the court's inquiry is "limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). Provided the ALJ's findings are properly supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position. Such is the nature of judicial review of disability benefit determinations. See, e.g., Tsarelka v. Secretary of Health & Human Services, 842 F.2d

4

529, 535 (1st Cir. 1988); Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

## II. The Parties' Respective Burdens

An individual seeking SSI and/or DIB benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). See also 42 U.S.C. § 1382c(a)(3). The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove, by a preponderance of the evidence, that his impairment prevents him from performing his former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985); Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982). If the claimant demonstrates an inability to perform his previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that he can perform, in light of his age, education, and prior work experience. See Vazquez v. Secretary of Health & Human

Services, 683 F.2d 1, 2 (1st Cir. 1982). See also 20 C.F.R. §§ 404.1512(f) and 416.912(f).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6 (1st Cir. 1982). Ultimately, a claimant is disabled only if his:

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). See also 42 U.S.C. § 1382c(a)(3)(B).

With those principles in mind, the court reviews claimant's motion to reverse and the Acting Commissioner's motion to affirm her decision.

## Background - The ALJ's Findings

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920. See generally Barnhart v. Thomas, 540 U.S. 20, 24 (2003). Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since his alleged onset of disability, February 1, 2014. Admin Rec. at 28. He next concluded that claimant suffers from the following severe impairments: "anxiety and depression." Admin. Rec. at 28. However, the ALJ determined that claimant's impairments, whether considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1 of the regulations. Id. at 29.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform one to three step instructions; he can carry out, concentrate and persist and pace during the typical two-hour periods of an eight-hour workday and forty hour work week and his [sic.] is limited to occasional contact with the general public and co-workers." Admin. Rec. at 32. In light of those restrictions, and based on the testimony of the

7

vocational expert, the ALJ concluded that claimant was capable of performing his past relevant work, as it did not require the performance of work-related activities precluded by the claimant's RFC.  Id. at 41.  Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, through the date of his decision.  Id. at 43.

**Discussion**

Claimant challenges the ALJ's decision, arguing that the ALJ failed to properly weigh the medical expert opinion evidence, and to adequately support the RFC determination and decision.

I. Medical Opinion Evidence

Claimant takes the position that the ALJ failed to give proper weight to the medical opinions of his treating providers and the opinion of examining psychologist, Dr. Jessica Stern. Had the ALJ properly weighted those opinions, claimant says, he would have met the Mental Impairment listings at 12.04 for affective disorders, or the ALJ would have imposed greater functional limitations at step four that would preclude all gainful work.  Along those lines, claimant argues that the ALJ improperly gave controlling weight to the opinion of the non-

examining state agency psychological consultant, Dr. Phillips, whose opinion was based upon an incomplete record.

As a preliminary issue, the ALJ's statement that claimant "does not allege that [his] impairments are of listing level severity" is plainly incorrect. Admin. Rec. at 30. Claimant repeatedly made that argument before the ALJ. First, prior to claimant's hearing, claimant submitted a memorandum, requesting an "on the record" decision that claimant met the listings at 12.04, and stating the basis for that request. See Admin. Rec. at 367 – 379. Then, at the hearing, claimant's counsel again argued that claimant met the listings at 12.04 for affective disorder. Admin. Rec. at 292.

Putting that aside, there are two main problems with the ALJ's treatment of the medical opinion evidence. The first is that the ALJ relied on the one medical opinion in the record — the opinion of the non-examining state agency consultant — that is generally inconsistent with the five opinions submitted by various members of claimant's treatment team at the Greater Nashua Mental Health Center ("GNMHC"). As the ALJ stated during the hearing, the five opinions from GNMHC are all "fairly consistent or fairly similar." Admin. Rec. at 291-293. Without exception, each relates that claimant could be expected to be absent from work at least four days a month, and would have

9

difficulty on a sustained basis accepting instruction, responding appropriately to criticism, and adapting to changes in a work setting.[3] See Admin. Rec. at 654-657, 621-624; 617-620; 469 – 475. Dr. Phillips, on the other hand, opined that "claimant can tolerate the minimum social demands of simple-task settings," "can tolerate simple changes in routine," and could "persist at simple tasks over time under ordinary conditions." Admin. Rec. at 312.

The court need not decide whether the ALJ correctly weighed the medical opinion evidence, however, because a different problem presents itself: the ALJ placed "substantial weight" on a non-treating physician opinion that was based on a partial record, and incorrectly understood the date the physician's opinion was rendered.

Dr. Phillips's opinion was complete on May 5, 2015, nearly a year before the hearing on April 11, 2016. The ALJ noted it, but indicated that Dr. Phillips had "reviewed the record existing on July 9, 2015." Admin. Rec. at 40 (emphasis added). That misinterprets the record: those sections of the

---

[3] Dr. Jessica Stern, the state agency psychologist who examined claimant on January 17, 2014, similarly opined that claimant would not be able to persist at simple tasks. Admin. Rec. at 882-885.

Consultative Examination signed by Dr. Phillips are dated May 5, 2015. The ALJ then stated: "additional treatment notes do not document any meaningful change or deterioration in the claimant's presentation and these opinions remain consistent with the evidence of record in its entirety." Admin. Rec. at 40. He further stated, "there is nothing in the additional medical reports to suggest that further limitations are necessary." Id. at 41.

Because the ALJ erroneously thought that Dr. Phillips's report was rendered in July of 2015, rather than in May of 2015, it is unclear whether the ALJ properly considered the entirety of the relevant medical records – records dating back to May, 2015, rather than July, 2015 – in making his factual findings. It is clear from the record, however, that Dr. Phillips reviewed a limited record before issuing his opinion, and that he reviewed no medical records post-dating March of 2015. See Admin. Rec. at 308.

As this court has previously noted, "the fact that [Dr. Phillips] did not review later medical records does not necessarily preclude the ALJ from relying on his RFC assessment." Ferland v. Astrue, No. 11-CV-123-SM, 2011 WL 5199989, at *4 (D.N.H. Oct. 31, 2011). However, "[i]t can indeed be reversible error for an administrative law judge to

rely on an RFC opinion of a non-examining consultant when the consultant has not examined the full medical record." Strout v. Astrue, Civil No. 08-181-B-W, 2009 WL 214576, at *8 (D. Me. Jan. 28, 2009) (citing Rose v. Shalala, 34 F.3d 13, 18 (1st Cir. 1994)). "[A]n ALJ may rely on such an opinion where the medical evidence postdating the reviewer's assessment does not establish any greater limitations, or where the medical reports of claimant's treating providers are arguably consistent with, or at least not 'clearly inconsistent' with, the reviewer's assessment." Ferland, 2011 WL 5199989, at *4 (internal citations omitted). "The burden is on the ALJ, however, to make that determination and he must make it adequately clear." Giandomenico v. U.S. Soc. Sec. Admin., Acting Comm'r, No. 16-CV-506-PB, 2017 WL 5484657, at *4 (D.N.H. Nov. 15, 2017) (citing Alcantara v. Astrue, 257 Fed. Appx. 333, 334 (1st Cir. 2007) (ALJ erred in simply stating that "the record underwent no material change" without explaining his analysis); Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004)) (additional citations omitted).

Here, the ALJ's finding that the claimant's "additional medical reports" do not "suggest that further limitations are necessary" (admin rec. at 41) is unsupported by any analysis of or citations to the medical record. And, that determination is

contradicted by the record evidence post-dating May, 2015, which evidence suggests a deterioration in claimant's mental status.

In response to claimant's argument, the Acting Commissioner points out that Dr. Phillips reviewed medical records in which claimant self-reported auditory hallucinations and an elevated suicide risk. See Def.'s Mem. in Support of Motion to Affirm at 6. Therefore, says the Acting Commissioner, Dr. Phillips's failure to review claimant's later medical records concerning those symptoms is of no moment, since Dr. Phillips took them into account in rendering his opinion.

While the Acting Commissioner is correct that claimant did continue to report auditory hallucinations and suicidal ideation throughout 2015 and 2016, claimant's medical records indicate that those symptoms, particularly his suicidal ideation, worsened. For example, those provider treatment notes reviewed by Dr. Phillips concerning claimant's suicidal ideation generally note that claimant did not "endorse intent" to commit suicide (admin. rec. at 789); or had "thoughts of not wanting to be around," but no suicidal intent (admin. rec. at 607). See also Admin. Rec. at 610 (similar). However, by November, 2015, claimant's medical records indicate that his suicidal ideation was "stick[ing] in his mind for long periods. About a couple weeks ago, reportedly went as far as looking for a cable to hang

himself."  Admin. Rec. at 851.  In December, 2015, Dr. Lockward, one of claimant's treating physicians, took the precautionary step of limiting claimant's prescription to a two-week supply, after claimant stated he wanted to "overdos[e] on all his medications."  Admin. Rec. at 855.

Claimant's deterioration is further evidenced by claimant's physician treatment records in late 2015 and early 2016, which indicate that claimant's judgment was impaired, or increasingly limited.  See, e.g., Admin. Rec. at 859 (January 11, 2016); Admin. Rec. at 834-835 (September 17, 2015).  Claimant's treatment records post-May, 2015, further indicate that his providers began to opine that he likely required inpatient treatment.  See Admin. Rec. at 834-835; Admin. Rec. at 855. Finally, following Dr. Phillips's review of the record, claimant's providers, who had previously assessed his prognosis as "fair" (see, e.g., admin. rec. at 469), changed their prognosis to "guarded to poor" (see, e.g., admin. rec. at 617; admin. rec. at 654; admin. rec. at 865).

Given all the above, the ALJ's determination that Dr. Phillips's opinion was based on a sufficiently complete record is not supported by substantial evidence.  As a result, Dr. Phillips's "opinion could not equate to substantial evidence and the ALJ erred in adopting it in his RFC assessment."

Giandomenico, 2017 WL 5484657, at *6. Accordingly, the court is constrained to reverse the ALJ's decision, and remand this case to the SSA for further consideration.

**Conclusion**

The court having determined that the ALJ erred in his treatment of Dr. Phillips's opinion, the court need not address claimant's additional arguments. For the foregoing reasons, as well as those set forth in the claimant's legal memorandum, claimant's motion to reverse the decision of the Commissioner (document no. 8) is granted, and the Acting Commissioner's motion to affirm her decision (document no. 11) is denied. The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 14, 2018

cc: Janine Gawryl, Esq.
    Terry L. Ollila, AUSA

15